IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC HOUSTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-13-3063 |
| | : | |
| WARDEN JEFF THOMAS, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| ERIC HOUSTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-722 |
| | : | |
| LT. CONDOZA, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

| | | |
|---|---|---|
| ERIC HOUSTON, | : | |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | CIVIL NO. 4:CV-14-1361 |
| | : | |
| DEPARTMENT OF JUSTICE, ET AL., | : | (Judge Brann) |
| | : | |
| Defendants | : | |

**MEMORANDUM**

August 12, 2014

**Background**

Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed the initially captioned pro se civil rights complaint in the United States District Court for the Eastern District of Tennessee.  Named as Defendants therein are Director Charles Samuels of the Federal Bureau of Prisons (BOP) and the following USP-Lewiburg officials: Warden Jeff Thomas; Captain Entzel; Captain Taggart; Assistant Wardens Wilson and Fredrickson; and SIS Heath.  The Complaint was subsequently transferred to this Court pursuant to 28 U.S.C. § 1406(a).

The initial Complaint is a rambling at times illegible narrative which generally asserts that Houston is being subjected to racially motivated retaliatory mistreatment including physical and mental abuse as well as interference with his incoming and outgoing mail.  There are no specific incidents of constitutional misconduct referenced in the Complaint.  Due to the disjointed at times illegible narrative set forth in the Complaint, the exact nature of Plaintiff's claims against the respective Defendants is unknown.

Plaintiff's second action was filed in this district court and assigned to the undersigned. Named as Defendants in Plaintiff's second action, Houston, Civil Action No. 4:CV-14-722 , are Lieutenant Condoza; Correctional Officers S. Prutzman

and E. Wert; L. Manning; Lieutenant Saylor; and Officer Hicenilmen.

of USP-Lewisburg.  Once again the Complaint is a rambling at times illegible narrative.  Houston raises similar vague contentions of being subjected him to racially motivated mistreatment, including verbal and physical abuse, inadequate living conditions, and mail interference.  It is again unclear as to when or how the alleged mistreatment occurred.[1]  The Complaint also lacks specifics as whether any of the named Defendants participated in that alleged mistreatment.

Plaintiff filed his third action,  Houston, Civil Action No. 4:CV-14-1361 in the United States District Court for the Northern District of New York.  Named as

---

[1]   The date of January 11, 2012 is mentioned in the Complaint.  However, given that this action was not filed until April, 2014, it would appear that any claim pertaining to said date is time barred.
  In reviewing the applicability of the statute of limitations to a civil rights action, a federal court must apply the appropriate state statute of limitations which governs personal injury actions.  Wilson v. Garcia, 471 U.S. 261, 276 (1985); Urrutia v. Harrisburg County Police Dep't, 91 F.3d 451, 457 n.9, 25 (3d Cir. 1996).  The United States Supreme Court clarified its decision in Wilson when it held that courts considering civil rights claims should borrow the general or residual [state] statute for personal injury actions.  Owens v. Okure, 488 U.S. 235, 250 (1989); Little v. Lycoming County, 912 F.Supp. 809, 814 (M.D. Pa. 1996).It has also been held that "state statutes of limitations should be borrowed for suits under Bivens."  Roman v. Townsend, 48 F. Supp.2d 100, 104 (D. Puerto Rico 1999).
  Pennsylvania's applicable personal injury statute of limitations is two years. See 42 Pa. Cons. Stat. Ann. § 5524(7) (Purdon Supp. 1996); Kost v. Kozakiewicz, 1 F.3d 176, 190 (3d Cir. 1993); Smith v. City of Pittsburgh, 764 F.2d 188, 194 (3d Cir. 1985).

Defendants therein are the United States Department of Justice; Office of Inspector General; BOP; and other individual federal officials.[2] By Order dated July 16, 2014, the Northern District of New York transferred that matter to this Court.  As noted by the Northern District, the Complaint is extremely difficult to read.  Houston again vaguely indicates that he is the subject of calculated harassment, mail interference, and inadequate conditions of confinement by USP-Lewisburg officials because of his race.  Once again, there are no specific incidents of constitutional misconduct referenced in the Complaint and the exact nature of Plaintiff's claims against the respective Defendants is unknown.

For the reasons outlined below, this Court will direct that the above cases be consolidated pursuant to Federal Rule of Civil Procedure 42(a) and the consolidated matter will proceed under Houston, Civil Action No. 3:CV-12-2304, which was the initially filed complaint and Plaintiff will be directed to file a single amended complaint.

**Discussion**

**Consolidation**

---

[2]  The United States is generally immune from suit absent an explicit waiver of sovereign immunity, United States v. Mitchell, 445 U.S. 535, 538 (1980).  This "immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475 (1994), and extends to government agencies and employees sued in their official capacities. Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996); Chinchello v. Fenton, 805 F. 2d 126, 130, n. 4 (3d Cir. 1986).

Rule 42 (a) of the Federal Rules of Civil Procedure states:

(a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:

(1) join for hearing or trial any or all matters at issue;
(2) consolidate the actions; or
(3) issue any other orders to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a).

As discussed above, the three pending complaints are similarly set forth in a disjointed at times indiscernible manner which lack adequate factual detail. Despite those deficiencies, the vague assertions set forth in each of the above described Complaints are similar in almost all respects. As noted earlier, the arguments set forth in the respective actions similarly claim that Houston was subjected to racially motivated retaliatory mistreatment, including mail interference by the USP-Lewisburg staff.

Consequently, since the above described actions contain common factors of law and fact, this Court will order the consolidation of Houston's two later complaints into his earlier action pursuant to Rule 42(a) and will proceed with the consolidated matter under Plaintiff's initially filed action, Civil Action No. 4:CV-13-3063.

**Amendment**

Pro se parties are accorded substantial deference and liberality in federal court.

Haines v. Kerner, 404 U.S. 519 (1972); Hughes v. Rowe, 449 U.S. 5 (1980). They are not, however, free to ignore the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that a complaint contain a short and plain statement setting forth (1) the grounds upon which the court's jurisdiction rests, (2) the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief sought by the pleader.

Although there is not a heightened pleading standard in civil rights cases, a civil rights complaint, in order to comply with Rule 8, must contain at least a modicum of factual specificity, identifying the particular conduct of the defendant that is alleged to have harmed the plaintiff, so that the court can determine that the complaint is not frivolous and a defendant has adequate notice to frame an answer.[3] A civil rights complaint complies with this standard if it alleges the conduct violating the plaintiff's rights, the time and the place of that conduct, and the identity of the responsible officials.

Under even the most liberal construction, Houston's consolidated complaints, viewed either separately or jointly, fail to comply with Rule 8. Defendants have not

---

[3] In Leatherman v. Tarrant County Narcotics Unit, 507 U.S. 163 (1993), the United States Supreme Court held that it was improper to apply heightened pleading standards to civil rights actions. The Court noted that a civil rights complaint need only to comply "with the liberal system of 'notice pleading' set up by the Federal Rules." Id. at 167.

been given fair notice of Plaintiff's claims and the concise grounds upon which they rest. Consequently, Houston will be directed to file an amended complaint of no more then twenty-five (25) pages in length, which states each claim he wishes to pursue in a clear and concise manner; identifies all defendant[s], and specifies the relief he is seeking. See Salahuddin v. Cuomo, 861 F.2d 40 (2d Cir. 1988).

Plaintiff is advised that in order to state a viable civil rights claim he must make a showing that the conduct complained of was committed by a person acting under color of law and that said conduct deprived him of a right, privilege, or immunity secured by the Constitution or by a statute of the United States. Cohen v. City of Philadelphia, 736 F.2d 81, 83, cert. denied, 469 U.S. 1019 (1984). A prerequisite for a viable civil rights claim is that a defendant directed, or knew of and acquiesced in, the deprivation of his constitutional rights. Monell v. Department of Social Serv. of the City of N.Y., 436 U.S. 658, 694-95 (1978); Gay v. Petsock, 917 F.2d 768, 771 (3d Cir. 1990); Capone v. Marinelli, 868 F.2d 102, 106 n.7 (3d Cir. 1989). This is the personal involvement requirement. Civil rights liability may not be imposed on the principle of respondeat superior. Capone v. Marinelli, 868 F.2d at 106 (citing Hampton v. Holmesburg Prison Officials, 546 F.2d 1077, 1082 (3d Cir. 1976)).

Houston is also reminded that his amended complaint must be complete in all respects. It must be a new pleading which stands by itself without reference to the

complaint previously filed.  The amended complaint should set forth Plaintiff's claims in short, concise and **legible** statements.  It should specify which actions are alleged as to which Defendants.  Failure of the Plaintiff to timely submit an amended complaint or otherwise respond to this Order will result in dismissal of his action for failure to prosecute. [4] An appropriate Order will enter.

BY THE COURT:

  s/   Matthew W. Brann
Matthew W. Brann
United States District Judge

---

[4] In light of the Court's determination, Plaintiff's motion to compel (Doc. 11) in Houston, Civil Action No. 4:CV-13-3063 will be dismissed without prejudice and may be reasserted by Houston following his submission of a proper amended complaint..