IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ERIC HOUSTON, :
:
    Plaintiff :
:
  v. : CIVIL NO. 4:CV-13-3063
:
WARDEN JEFF THOMAS, ET AL., : (Judge Brann)
:
    Defendants :
:

# **MEMORANDUM**

January 15, 2016

## **Background**

Eric Houston, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this pro se civil rights action. This Court previously issued a Memorandum and Order directing the Clerk of Court to consolidate two subsequent actions filed by the Plaintiff, Houston v. Cordoza, et al., Civil No. 4:CV-14-722 and Houston v. Department of Justice, et al., Civil No. 4:CV-14-1361 into this matter. See Doc. 13.

In addition, Houston was directed to file and serve an amended complaint on an attached form complaint which did not exceed twenty-five (25) pages in length and was in compliance with Federal Rule of Civil Procedure 8(e). The Memorandum and

Order also forewarned Houston that failure to timely submit a proper amended complaint which sufficiently set forth his allegations of mail interference, racially motivated retaliatory mistreatment, and inadequate conditions of confinement or otherwise respond would result in dismissal of his action for failure to prosecute.

**Discussion**

Plaintiff has filed what appears to be a proposed amended complaint. See Doc. 16. It is initially noted that Houston has again submitted a rambling and at times illegible narrative.

The proposed amended complaint, at least in part, appears to be seeking relief pursuant to the Federal Tort Claims Act (FTCA). See id. at p. 1. However, the only proper defendant in an FTCA action is the United States of America, which is not listed as being a defendant in Houston's proposed amended complaint. The amended complaint also contains no indication that Plaintiff filed and exhausted an administrative tort claim.

Second, Houston's amended complaint raises vague claims of racial and religious retaliation as well as mail interference. However, the amended complaint lists no dates and fails to describe specific events or actions. There are no allegations of personal involvement by any named Defendant or any prison official described by the Plaintiff. Simply put, the factual basis for the Plaintiff's claims of constitutional

misconduct cannot be deciphered from even a most liberal construction of the amended complaint. The factually unsupported assertions are likewise insufficient to set forth a discernible FTCA claim.

If a plaintiff fails to prosecute or comply with a court order, the court may dismiss the action, with prejudice. See Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863, 868 (3d Cir. 1984); Stackhouse v. Mazurkiewicz, 951 F.2d 29, 30 (3d Cir. 1991) (failure of a plaintiff to comply with a court's specific direction to comply with a local rule which required the filing of an opposing brief, warranted the treatment of a motion to dismiss as being unopposed and subject to dismissal without a merits analysis). In a similar case, the United States Court of Appeals for the Third Circuit recognized that a district court "has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and Federal Rule of Civil Procedure 41(b)" when a litigant fails to comply with a court order directing him to file an amended complaint. See Azubuko v. Bell National Organization, 243 Fed. Appx. 728, 729 (3d Cir. 2007).

The Third Circuit in Poulis set forth six (6) factors which must be considered in determining whether to dismiss an action with prejudice for failure to prosecute: (1) extent of the party's personal involvement; (2) prejudice to the opposing party by the dilatoriness; (3) whether a history of dilatoriness existed; (4) whether the dilatoriness

3

was willful and in bad faith; (5) possible effectiveness of alternative sanctions; and (6) the merit of the claim or defense. See Adams v. Trustees, NJ Brewery Trust Fund, 29 F.3d 863 (3d Cir. 1994).

In the matter at hand, adequate grounds have been established for the extreme sanction of dismissal.[1] Even under the most generous treatment given to Plaintiff's original and amended complaints, those submissions simply fail to provide fair notice as to the nature of Plaintiff's claims as required under Fed.R.Civ.P. 8. Houston was granted opportunity to submit an amended complaint and was directed that his amended complaint must contain some factual specificity, i.e. describe the conduct which violated his rights, the time and the place of that conduct, and the identity of the responsible officials. However, as has been the case in other actions filed by Houston, he disregarded this Court's directive and again filed a vague, illegible at times narrative which sets no facts which could support a **claim** of constitutional misconduct nor support an action under the FTCA. As a result, a finding of dilatoriness and willful conduct is warranted. Other sanctions are simply not a viable alternative because this matter simply cannot proceed without the filing of an adequate amended

---

[1] Although Azubuko, 243 Fed. Appx. at 729, recognizes a "balancing under Poulis is unnecessary" in cases such as the present matter where a litigant's conduct makes adjudication of the case impossible, other Third Circuit decisions indicate that the Poulis analysis should be undertaken. See Hernandez v. Palakovich, 293 Fed. Appx. 890, 894 (3d Cir. 2008) (Poulis factors must be considered before dismissing a case as a sanction for failure to follow a court order).

complaint.

Based upon the present circumstances, dismissal of Houston's action without prejudice for failure to prosecute is warranted under the standards announced in Azubuko and Poulis.  An appropriate Order will enter.


BY THE COURT:

　s/   Matthew W. Brann　　　　
Matthew W. Brann
United States District Judge